IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

CAROLYN SMITH,                                             PETITIONER

v.                                                                No. 2:05CV219-P-A

STATE OF MISSISSIPPI, ET AL.                             RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the November 2, 2005, *pro se* petition of Carolyn Smith for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state moved February 9, 2006, to dismiss the instant petition for failure to exhaust. The petitioner has not responded, and the deadline for response has expired; the matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust.

**Facts and Procedural Posture**

On August 17, 2005, Carolyn Smith was convicted of one count of sale of a controlled substance in the Circuit Court of Tate County, Mississippi, and sentenced to a term of thirteen years in the custody of the Mississippi Department of Corrections and five years of post-release supervision. The petitioner did not seek further review in state court by filing an appeal or a petition for post-conviction relief.

**Discussion**

The petitioner's claims have not been exhausted in the state courts. "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). *See also Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998). To satisfy the exhaustion requirement,

one petitioning for a federal writ of *habeas corpus* must present his claims to the state's highest court to provide the state with a fair opportunity to pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *see also Carter v. Estelle*, 677 F.2d 427, 442-44 (5th Cir. 1982); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). The petitioner has not done so in this case, as she may still seek state post-conviction collateral relief under MISS. CODE ANN. §§ 99-39-1, *et seq.*, and, if she is denied relief, she may go through the state appellate process. For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 17th day of March, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE